UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY JR.**                                                                     **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:19-CV-163-GNS**

**EQUAL EMP'T OPPORTUNITY COMM'N**                               **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Curtis Edward Alvey Jr.'s *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff filed this action on a form for filing a civil case. He sues the Equal Employment Opportunity Commission (EEOC) asserting diversity jurisdiction with an amount in controversy of $37,000,000 "because of the neglence, and failure to perform proper civil duties." He claims, "Along with multiple contacts, emails and phone calls i was never presented with the change to be able to defend my constitutional rights thanks to the clerk recklessness of the corporations lack of care. Multiple emails and phone records will clearly put them at fault." In addition to the amount in controversy, Plaintiff seeks "another $2,000,000 in punitive [damages]."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### III.

Plaintiff invokes this Court's diversity jurisdiction. Under the diversity-jurisdiction statute, 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" § 1332(a).

Defendant EEOC is a federal agency. *See Flynn v. U.S. E.E.O.C.*, No. 14-2939-JDT-TMPT, 2015 WL 106104, at *2 (W.D. Tenn. Jan. 7, 2015). "[F]ederal agencies are not citizens of any state and cannot be sued in diversity." *Select Specialty Hosp.-Ann Arbor, Inc. v. Sec'y of*

*Health & Human Servs.*, No. 14-14412, 2016 WL 465620, at *5 (E.D. Mich. Feb. 8, 2016) (citing *Texas v. Interstate Commerce Comm'n*, 258 U.S. 158, 160, (1922) ("[B]oth defendants are sued as corporate entities created by the United States for governmental purposes; and, if that be their status, they are not citizens of any state."); *Koppers Co. v. Garling & Langlois*, 594 F.2d 1094, 1097 n.1 (6th Cir. 1979) (noting that the United States is "a party who may not be sued in diversity")).  Accordingly, Plaintiff has failed to meet his burden of invoking this Court's diversity jurisdiction.

      For this reason, this action will be dismissed by separate Order.

Date: July 6, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
4416.005